UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER PENTON,<br><br>               Plaintiff,<br><br>- v -<br><br>MERCER STREET HOSPITALITY, LLC and NACO NYC LLC d/b/a HANCOCK ST,<br><br>               Defendants. | Civil Action No.: 23-cv-9074<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Jennifer Penton ("Penton"), by and through her undersigned attorney, brings this Complaint against Defendants Mercer Street Hospitality, LLC and Naco NYC LLC d/b/a Hancock St (collectively, "Mercer Street"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, as well as unlawful deductions from wages in violation of New York Labor Law ("NYLL") § 193.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Penton's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Penton's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred

there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about January 26, 2023, Penton submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about July 27, 2023, the EEOC issued Penton a Notice of Right to Sue, and this action is being brought within 90 days of Penton's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Penton will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Penton is a resident of the State of New York and former general manager of Mercer Street.

8. At all relevant times, Penton was an "employee" of Defendants under all relevant statutes.

9. Mercer Street Hospitality, LLC is a limited liability company registered in New York and permitted to do business in New York.

10. Naco NYC LLC is a limited liability company registered in New York and permitted to do business in New York, which operated under the name Hancock St.

11. Mercer Street employed more than 14 employees throughout Penton's employment.

12. Mercer Street conducted business at 257 6th Ave, New York, NY 10014, where it employed Penton.

13. At all relevant times, Defendants were Penton's "employer" under all relevant

statutes.

14. Mercer Street's offer letter to Penton offered her the position of "General Manager of Hancock St." and "welcome[ed] [her] to Hancock St. and our Mercer Street Hospitality family."

15. The offer letter set forth one of Penton's responsibilities as "develop[ing] attainable budgets based on forecast and other financial protocols established by Mercer Street Hospitality …" and that "[i]dentifying and recognizing regular patrons and MSH VIPs is paramount to developing repeat business and maintain standards under Mercer Street Hospitality mission statement."

## FACTUAL BACKGROUND

16. In or about November 2022, Mercer Street offered Penton the position of general manager.

17. At the time Penton joined Mercer Street, she had over 15 years of experience in the service industry.

18. At all relevant times, Penton possessed a food handlers license, sommelier wset certification, and TIPS certification.

19. Penton worked from Mercer Street's 257 6th Ave, New York, NY 10014 location.

20. Penton exceeded performance metrics for her role.

21. Penton led the restaurant to exceed its profit goals for the fourth quarter of 2022.

22. Penton received a performance-related bonus in early December 2022.

23. While working at Mercer Street, Penton witnessed the restaurant's management frequently acting inappropriately, including Mercer Street's Partner and Executive Chef Ryan Schmidtberger drinking alcohol on the job, instructing Penton not to report an instance of a

server assaulting a host, and falsifying dates on employee paperwork.

24. Mercer Street promised Penton extensive training for her manager position, including daily training with its Corporate Director of Hospitality, Devone Wise.

25. In the single training session Devone Wise held with Penton on or about November 15, 2022, however, he ignored Penton, instead flirting with another recently hired manager and talking to his friends on the phone for over five hours about their trip to Las Vegas.

26. Ryan Schmidtberger ignored the meetings Penton attempted to schedule for restaurant management.

27. Penton began experiencing symptoms of COVID-19 the week of December 19, 2022, and informed Mercer Street that she needed one day off work before Christmas as a result of her contracting COVID-19.

28. COVID-19 impacted, among other things, her ability to care for herself, sleep, breath, concentrate, communicate, and work.

29. While Penton remained out on COVID-19 medical leave, on or about December 26, 2022, she suffered a mental health crisis resulting in her hospitalization.

30. Penton was diagnosed with major depressive disorder, anxiety disorder, panic disorder, psychophysiological insomnia, arachnoid cyst, and PTSD, which impacted, among other things, her ability to care for herself, sleep, concentrate, think, and work as well as neurological functions.

31. On or about December 29, 2022, both Penton and her doctor separately emailed Mercer Street's Partner and Executive Chef, Ryan Schmidtberger, informing him of Penton's hospitalization.

32. Penton's doctor's email informed Mercer Street that Penton was a patient under

her care and had been hospitalized since December 26, 2022, without email access.

33. On December 30, 2022, Mercer Street internally discussed how to proceed by email: "How would you proceed since we cannot get in touch with her? Should we wait until she discharges from the hospital and she gets in touch with us?"

34. On January 5, 2023, Mercer's Street's human resources advisor responded, providing a proposed justification in order to proceed with the termination: "Unsuccessful completion of intro period. Her attendance prior to this and whatever the other reasons were."

35. Penton had no attendance issues while working at Mercer Street prior to her medical leave.

36. Penton remained hospitalized until she was discharged on or about January 10, 2023.

37. When Penton left the hospital, she discovered that her access to her work email had been removed, and was informed that Mercer Street terminated her employment, claiming that she had abandoned her position.

38. Mercer Street withheld Penton's pay for the final week she worked at Hancock Street, for the pay period of December 19 – 22, 2022, and did not compensate her for the days she was out of work seeking medical treatment or for her accrued paid time off.

39. Mercer Street falsified Penton's "Unemployment Compensation Management Separation Record," listing her "last day worked" as December 18, 2022, while admitting internally that she worked until at least December 20, 2022.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADA)**
*Against Defendants Mercer Street*

40. Penton repeats and re-alleges each allegation of the preceding paragraphs as if

fully set forth here.

41. Defendants Mercer Street discriminated against Penton on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, Penton has suffered disparate treatment as a result of Mercer Street's conduct.

42. Penton is a disabled individual under the ADA and was perceived by Mercer Street as being disabled, and she is therefore a member of a protected class.

43. Penton was qualified to work as a general manager for Mercer Street and satisfactorily performed the duties required by that position.

44. Mercer Street subjected Penton to an adverse employment action because of her disability.

45. As a direct and proximate result of Mercer Street's unlawful employment practices, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

46. Defendants Mercer Street's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

### SECOND CAUSE OF ACTION
**(Failure to Accommodate in Violation of the ADA)**
*Against Defendants Mercer Street*

47. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

48. Penton is a disabled individual under the ADA and was perceived by Mercer Street as being disabled, and is therefore a member of a protected class.

49. Mercer Street was aware and on notice of Penton's disability and its symptoms.

50. Penton requested reasonable accommodations for her disability.

51. Mercer Street failed to accommodate Penton's disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Penton's disability.

52. Had Mercer Street provided Penton with a reasonable accommodation, Penton could have performed the essential functions of her job.

53. Accordingly, Mercer Street discriminated against Penton by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA.

54. As a direct and proximate result of Mercer Street's unlawful employment practices, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

55. Mercer Street's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)
*Against Defendants Mercer Street*

56. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

57. As set forth in detail above, Penton engaged in activity protected under the ADA.

58. Mercer Street was aware that Penton opposed unlawful conduct and/or asserted her rights under the ADA.

59. Mercer Street, unlawfully and without cause, retaliated against Penton as a direct result of Penton asserting her rights under the ADA as someone with disability or perceived disability, and Penton suffered materially adverse employment actions as a result.

60. As a direct and proximate result of Mercer Street's unlawful employment practices, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

61. Mercer Street's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

62. Accordingly, Mercer Street retaliated against Penton in violation of her statutory rights as guaranteed by the ADA.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

63. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

64. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Penton because she was a member of a protected class.

65. Penton is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

66. Penton was qualified to work as a general manager for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

67. As set forth in detail above and here, Defendants discriminated against Penton and subjected her to adverse employment actions.

68. As a direct and proximate result of the unlawful employment practices of Defendants, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

69. Accordingly, Defendants discriminated against Penton because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)
*Against All Defendants*

70. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

71. Penton is a disabled individual under the NYSHRL and was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

72. Defendants were aware and on notice of Penton's disability and its symptoms.

73. Penton requested reasonable accommodations for her disability.

74. Mercer Street failed to accommodate Penton's disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Penton's disability.

75. Had Defendants provided Penton with a reasonable accommodation, Penton could have performed the essential functions of her job.

76. Accordingly, Defendants discriminated against Penton by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the NYSHRL.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYSHRL)**
*Against All Defendants*

77. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

78. As set forth in detail above, Penton engaged in activity protected under the NYSHRL.

79. Defendants retaliated by subjecting Penton to discrimination and adverse employment actions because of her protected activity in violation of Penton's statutory rights.

80. Defendants was aware that Penton opposed unlawful conduct and asserted her rights under the NYSHRL.

81. Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

82. Accordingly, Defendants retaliated against Penton in violation of her statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
**(Discrimination in Violation of the NYCHRL)**
*Against All Defendants*

83. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

84. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Penton because she was a member of a protected class.

85. Penton is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

86. Penton was qualified to work as a general manager for Defendants and she

satisfactorily performed the duties required by the position she held with Defendants.

87. As set forth in detail above and here, Defendants discriminated against Penton in the terms and conditions of her employment by treating Penton less well than her similarly situated, non-disabled coworkers.

88. Defendants subjected Penton to adverse employment action because of her disability.

89. As a direct and proximate result of the unlawful employment practices of Defendants, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

90. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

91. Accordingly, Defendants discriminated against Penton because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

### EIGHTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYCHRL)
*Against All Defendants*

92. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

93. Penton is a disabled individual under the NYCHRL and was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

94. Defendants was aware and on notice of Penton's disability and its symptoms.

95. Penton requested reasonable accommodations for her disability.

96. Mercer Street failed to accommodate Penton's disability and refused to participate

in any interactive discussion or process to determine if there was an accommodation that would accommodate Penton's disability.

97. Had Defendants provided Penton with a reasonable accommodation, Penton could have performed the essential functions of her job.

98. As a direct and proximate result of Defendants' unlawful employment practices, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

99. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

100. Accordingly, Defendants discriminated against Penton by failing to accommodate her known disability under NYCHRL.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

101. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

102. As set forth in detail above, Penton engaged in activity protected under the NYCHRL.

103. Defendants retaliated against Penton by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions because of her protected activity in violation of the NYCHRL.

104. Defendants was aware that Penton opposed unlawful conduct and/or asserted her rights under the NYCHRL.

105. Defendants, unlawfully and without cause, retaliated against Penton as a direct

result of Penton asserting her rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

106. As a direct and proximate result of Defendants' unlawful employment practices, Penton has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

107. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Penton, entitling her to punitive damages.

108. Accordingly, Defendants retaliated against Penton in violation of her statutory rights as guaranteed by the NYCHRL.

## TENTH CAUSE OF ACTION
### (Unlawful Deduction from Wages in Violation of the NYLL)
*Against Defendants Mercer Street*

109. Penton repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

110. Mercer Street did not compensate Penton for her last week of work.

111. Defendants's withholding of Penton's wages was willful and done in bad faith. Accordingly, Penton is entitled to liquidated damages equal to 100% of the unpaid wages due and owing to her pursuant to NYLL § 198(1-a).

112. As a direct and proximate result of Defendants's breaches of the NYLL, Penton has been damaged in an amount to be determined at hearing, and are entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these violations.

## RELIEF

Plaintiff Jennifer Penton demands judgment in her favor and against Defendants Mercer Street Hospitality, LLC and Naco NYC LLC d/b/a Hancock St as follows:

A. A declaratory judgment that the actions of Defendants complained of violate the ADA, NYSHRL, NYCHRL, and NYLL;

B. An injunction and order permanently restraining Defendants from engaging in any such further unlawful conduct;

C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Penton for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

D. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Penton for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Penton's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jennifer Penton demands a trial by jury on all issues so triable of right.

Dated: October 16, 2023
New York, New York

**RISSMILLER PLLC**

By: */s/ Alex Rissmiller*
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Attorney for Plaintiff Jennifer Penton*